IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUAN B. RODRIGUEZ                                                                                        PLAINTIFF

V.                                               No. 17-05029

E. BRADLEY, Warden                                                                                      DEFENDANT

### MAGISTRATE JUDGE REPORT and RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2241 (Doc. 1) filed February 10, 2017.  IFP status has not been granted, service has not been authorized,  and the United States of America has not been ordered to file a Response.

### I.  Background

The Plaintiff was arrested on January 14, 2010 as a result of a search of an apartment conducted by his parole officer. (Doc. 1-1, p. 8; Case 5:10-cr-50022, Doc. 32, ¶ 2.a.).  The Plaintiff was subsequently charged in Benton County (Case No. 04-CR-10-527) (See Doc. 1-1, p. 16) with Possession with Intent to Deliver and Possession of Drug Paraphernalia. (id.). The Plaintiff's parole was ultimately revoked and he was sentenced to the Arkansas Department of Correction.  T he State of Arkansas ultimately dropped the underlying charge after the Plaintiff was charged in federal court.

On March 31, 2010 an Indictment was returned in the Western District of Arkansas charging the Plaintiff with Conspiring to Distribute Methamphetamine, Possession with Intent to Distribute Methamphetamine, and Use of a Residence for the purpose of Distributing

Methamphetamine. (ECF 5:10-cr-50022; Doc. 2). An Order for Writ Habeas Corpus ad Prosequendum was issued on April 1, 2010 directing the U.S. Marshal to secure the Plaintiff from the Benton County Jail and that he was to be "returned to the above named institution at the conclusion of all proceedings" in Federal Court. (Id., Doc. 6). The case was originally set for trial on June 21, 2010 (Doc. 12) but was continued at the Plaintiff's request to July 21, 2010. (Doc. 25). The Plaintiff signed a Plea Agreement on July 20, 2010 (Doc. 32) and was sentenced on November 17, 2010. (Doc. 45).

According to the Bureau of Prisons the Plaintiff was then release back to the custody of the State of Arkansas on November 22, 2010 and was not paroled from the Arkansas Department of Correction until May 16, 2011 and was then transferred to federal custody. (Doc. 1-1, p. 8).

The Plaintiff filed the current motion under Section 2241 contending that he should be entitled to credit from the time of his arrest. (Doc. 1, p. 6).

## II. Discussion

Claims concerning administering or calculating sentences are properly brought in a petition pursuant to 28 U.S.C. § 2241 as such claims challenge the execution of a defendant's federal sentence and not its validity or legality. A district court does not determine the appropriate credit for time spent in official detention when sentencing criminal defendants. *Wilson*, 503 U.S. at 333. This responsibility lies with the Attorney General, who has delegated the authority to the BOP.

### A. Jurisdiction

A defendant filing a 2241 petition must be in custody and must file his petition "in either the district where he is confined...or in any district in which the BOP maintains a regional office." *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000); 28 U.S.C. § 2241(c)(1)-(4)

The Plaintiff is being held at Loretto FCI, 772 Saint Joseph St., Loretto, PA 15740 which is located in the Northeast Region located in Philadelphia. There are five other regional offices: Mid-Atlantic in Annapolis Junct, Maryland; North Central in Kansas City, Kansas; Southeast Regional in Atlanta, Georgia; South Central Regional in Grand Prairie, Texas; and Western Regional in Stockton, California. Because the Plaintiff has failed to file his petition in the proper location this court is without jurisdiction. Even if the court had jurisdiction the Plaintiff's claim is without merit.

**B. Merit of Claim**

With respect to defendant's issue, 18 U.S.C. § 3585(b) governs whether he is entitled to credit on his federal sentence for time he spent in custody before commencement of his federal sentence. *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir.2004). In pertinent part, this statute provides:

> (b) Credit for prior custody.- -A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior the date the sentence commences- -
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The Bureau of Prisons ("BOP") is responsible for computing a sentence credit under 18 U.S.C. 3585(b). *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir.2006); *Pardue*, 363 F.3d at 699 (determination of credit for time served is properly left to the Bureau of Prisons).

The Judgement entered does not reflect whether it is concurrent or consecutive with any other sentence. (Doc. 45) However, pursuant to 18 U.S.C.A. §3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

The courts have held that "a district court has broad discretion" to determine whether a sentence will run consecutively or concurrently with a yet-to-be-imposed state sentence. *United States v. Mayotte,* 249 F.3d 797, 799 (8th Cir. 2001). The district court's power to revise such a sentence after it is imposed, however, is much more limited. *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007). Even assuming the Bureau of Prisons has nunc pro tunc authority "to determine concurrency" by designating the state prison as the place of federal confinement under 18 U.S.C. § 3585(a), id. (quotation omitted), the district court has no such authority in the first instance. *Romandine v. Unites States*, 206 F.3d 731, 738–39 (7th Cir.2000) ("[Defendant] must serve his federal sentence after his state sentence ends, unless he can persuade the Attorney General to start the federal clock while he is still in state custody."); see 18 U.S.C. § 3582(c) (court's limited authority to modify a sentence); Fed. R. Crim. P. 35 (scope of court's authority to correct or reduce a sentence).

Since the Defendant was first arrested by state authorities, his presence in the United States District Court was secured through a writ of habeas corpus ad prosequendum, and following his sentencing, he was returned to state custody. *See U.S. v. Hayes* 535 F.3d 907, 908 (C.A.8 (Mo.),2008) citing *United States v. Cole*, 416 F.3d 894, 897 (8th Cir.2005) ("As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person."); *United States v. Dowdle*, 217 F.3d 610, 611 (8th Cir.2000) (per curiam) (when the state firsts arrests a defendant it retains primary

jurisdiction).

Nor does a writ of habeas corpus ad prosequendum serve to transfer custody to the federal authorities. *Ruggiano v. Reish*, 307 F.3d 121, 125 n. 1 (3d Cir.2002), superseded on other grounds by U.S.S.G. § 5G1.3(c) cmt. n. 3(E) (2003); see also BOP Program Statement 5880.28 § 3b (1999) (emphasizing that ad prosequendum writs do not effect a transfer to federal custody). *George v. Longley* 2012 WL 541535, 3 (C.A.3 (Pa. (C.A.3 (Pa.),2012).

It appears that the BOP correctly refused to apply credit from the day of the Plaintiff's arrest because he was in state custody.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2241 be **DISMISSED without PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  February 16, 2017.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE